891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William ROWLAND, aka John V. Rettie, Defendant-Appellant.
 No. 89-30038.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 31, 1989.
Decided Dec. 7, 1989.
 
 Before BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Rowland appeals his convictions, following a conditional guilty plea, for manufacturing methamphetamine ("crank" or "ice") in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Specifically, Rowland challenges the denial of his motion to suppress evidence. We affirm.
 
 
 3
 On September 24, 1988, federal agents arrived at Rowland's residence and began searching the residence and out-buildings pursuant to a search warrant. Prior to the search, the property had been under surveillance and agents believed there was a methamphetamine lab in the barn. While on the property, the agents detected the odor of chemicals used in the methamphetamine cooking process and as the agents opened the barn door to search for the methamphetamine lab, they saw Rowland looking out from a nearby green van. Rowland was ordered to come out of the van, and immediately put on the ground and handcuffed. A federal agent testified that he feared that individuals who had been observed around the van in the prior surveillance might be inside it. It was for this reason that he entered the van in order to secure it. Once inside the van, the federal agent moved aside a curtain near the back and observed a flask with an amber liquid which the agent associated with a methamphetamine lab.
 
 
 4
 Rowland testified that after he was handcuffed, he was brought to the back of the van, read his Miranda rights and at that time he indicated his desire to speak with a lawyer. However, a government agent testified that he asked Rowland whether he would be willing to answer any questions, and Rowland agreed. The agent said that Rowland, in response to a question, then told the agents there was a gun in the van.
 
 
 5
 Forty-five minutes later, after the Drug Enforcement Agency forensic chemist arrived, agents retrieved a revolver from the van and removed the laboratory equipment. Subsequently, a second search warrant was obtained for a nearby "Y-Mini Storage unit" in which 30 pounds of phenylacetic acid, a precursor chemical used in the manufacture of methamphetamine, was found.
 
 
 6
 Thereafter, on December 2, 1988, Rowland entered pleas of guilty to conspiring to manufacture methamphetamine and being a felon in possession of a firearm. Rowland moved to suppress the evidence found in the van and an evidentiary hearing was conducted.
 
 
 7
 After the hearing, the judge found that there was probable cause to arrest Rowland on the basis of the odor. The judge further found the federal agent was justified in entering the van "to see if other individuals were in the van." The judge held that once the agent was inside the van and the methamphetamine laboratory was seen in plain view, the officers could take the contents into custody. Finally, the judge held the gun was admissible because Rowland had not exercised his Miranda rights, the questions asked of him were not investigatory, and in any case the gun inevitably would have been discovered. Appellant challenges all these rulings.
 
 DISCUSSION
 
 8
 The district court held that Rowland's arrest was permissible. The government bears the burden of showing that a warrantless seizure does not violate the Fourth Amendment. United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1295 (9th Cir.1988) (citations omitted). The district court's finding of probable cause is reviewed de novo, id., and findings of fact are reviewed for clear error. Id.
 
 
 9
 When Rowland was told at gun point to come out of the van and was handcuffed and frisked, he was "arrested" within the meaning of the Fourth Amendment. See United States v. Williams, 630 F.2d 1322, 1324 (9th Cir.), cert. denied, 449 U.S. 865 (1980); see also Dunaway v. New York, 442 U.S. 200 (1979). Based upon the odors that permeated the property, the agents had probable cause to believe that contraband manufacturing was going on; the van, by nature of its proximity, presented the most probable location for this activity. See Williams, supra, 630 F.2d at 1325. Thus "a prudent person would have concluded that there was a fair probability that [Rowland] had committed a crime," United States v. Gonzalez, 749 F.2d 1329, 1337 (9th Cir.1984), and consequently, there was probable cause to arrest him.
 
 
 10
 The district court properly ruled that exigent circumstances justified a protective sweep of the van after Rowland was arrested. " 'Exigent circumstances are those in which a substantial risk of harm to the persons involved or to the law enforcement process would arise if the police were to delay a search until a warrant could be obtained.' " United States v. Delgadillo, 856 F.2d 1292, 1298 (9th Cir.1988), quoting United States v. Robertson, 606 F.2d 853, 859 (9th Cir.1979). The existence of exigent circumstances is reviewed de novo. United States v. McConney, 728 F.2d 1195, 1204-05 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 11
 "In order to admit evidence obtained from a protective sweep the marshals must 'point to specific and articulable facts supporting their belief that other dangerous persons may be in the building or elsewhere on the premises,' " Delgadillo, 856 F.2d at 1298, quoting United States v. Whitten, 706 F.2d 1000, 1014 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984), or that the "manufacture of this particular controlled substance under these conditions created special dangers." Williams, 630 F.2d at 1327. Rowland argues that there was insufficient evidence to justify the protective sweep and relies on Delgadillo to support this assertion. In Delgadillo, however, the officers had no information that there were any people in the apartment they searched without warrants, and the evidence they retrieved was suppressed. Delgadillo, 856 F.2d at 1298-99.
 
 
 12
 In this case the officers had information that there had been three other individuals observed in and around the barn and van area; the agent testified that his intent in entering the van was to neutralize the situation to protect the safety of his fellow officers. See Whitten, 706 F.2d at 1014. Additionally, in this case, as in Whitten, "there was evidence suggesting an operating illegal laboratory and a danger of possible explosion." Delgadillo, 856 F.2d at 1298. Therefore, there was sufficient evidence to justify the protective sweep.
 
 
 13
 The "plain view" exception to the warrant requirement allows an officer who is lawfully present at a location to seize anything which immediately appears to be evidence and whose discovery is inadvertent. Whitten, 706 F.2d at 1011. The officer lawfully seized the flask he saw sitting on top of the Coleman stove.
 
 
 14
 The district court held that Rowland had not exercised his Miranda rights upon arrest, and thus allowed the gun seized from the van to be admitted as evidence. Rowland testified at the hearing that he had requested a lawyer immediately, but the government agent indicated that Rowland agreed to answer questions. The court found that Rowland had not exercised his Miranda rights. This was a finding of fact and is reviewed for clear error. Delgadillo, 856 F.2d at 1295. Since this particular conclusion depends upon the credibility of the opposing witnesses, and since Rowland can offer no evidence other than his own testimony, the court's determination should be affirmed.
 
 
 15
 Even if Rowland had exercised his Miranda rights, the inevitable discovery doctrine would apply. The inevitable discovery doctrine is an exception to the exclusionary rule and applies if the prosecution can show by a preponderance of the evidence that the contraband or other material seized would have been discovered inevitably by lawful means. Nix v. Williams, 467 U.S. 431, 448 (1984). Since the agents had lawfully discovered the methamphetamine laboratory inside the van, it was inevitable that the gun would have been uncovered after the chemicals were neutralized by the DEA chemist and the van impounded.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3